

RE: <u>SUBPOENA ISSUED BY THE</u>

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**
NOV 1 5 2007
NOV 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SUBPOENA TO HOSIDEN AMERICA ) | 45 |
| CORPORATION IN CIVIL CASE NO. 04- ) | Case No. 07-C-6548 |
| 1338 PENDING IN THE U.S. DISTRICT ) | 07 cv 6458 |
| COURT FOR THE DISTRICT OF ) | Judge: Marovich |
| DELAWARE ) | |
| ) | Magistrate: Schenkier |
| MOTION TO ENFORCE RULE 45 ) | |
| SUBPOENA FILED BY MOVANT ) | |
| FUJIFILM CORPORATION. ) | |

### AMENDED MOTION TO ENFORCE RULE 45 SUBPOENA AGAINST NON-PARTY HOSIDEN AMERICA CORPORATION

#### Introduction

FUJIFILM Corporation ("Fuji"), by its undersigned counsel, hereby respectfully submits this Motion To Enforce its Rule 45 Subpoena Against Non-Party Hosiden America Corporation ("Hosiden America"). Fuji offers the annexed Declaration of Ian G. DiBernardo, Esq., and exhibits annexed hereto. ("DiBernardo Dec.").

This Motion arises out of a Subpoena Duces Tecum pursuant to Fed.R.Civ.P. 45 (the "Subpoena") DiBernardo Dec., Ex. A, served upon Hosiden America on Christina Gonzales, Inventory Coordinator and Authorized Person, by Fuji in connection with <u>Honeywell International Inc., et al., v Apple Computer, Inc., et al.</u> (C.A. No. 04-1338 (consolidated)), a case currently pending in the United State District Court For the District of Delaware (the "Underlying Case"). Hosiden America has objected to the Subpoena and has not produced any documents responsive to such Subpoena. Discovery in the underlying case is scheduled to close on December 20, 2007.

1

The documents requested in the Subpoena are in Hosiden America's control and are relevant, material and/or reasonably calculated to lead to the discovery of admissible evidence in the Underlying Case. Thus, the requested documents should be produced without further delay. In support of its Motion, Fuji states as follows:

### The Parties

1. Fuji is a business entity organized and existing under the laws of Japan. Fuji has its principal place of business at 26-30 Nishiazabu 2-chome, Minato-ku, Tokyo 106-8620 Japan. Fuji is a named defendant in the Underlying Case.

2. On information and belief Hosiden Corporation is a business entity organized and existing under the laws of Japan. Hosiden Corporation has its principal place of business at 1-4-33, Kitakyuhoji Yao, Osaka 581-0071, Japan. See DiBernardo Dec., Ex. B.

3. On information and belief Hosiden America is an Illinois corporation. Hosiden America has its principal place of business at 120 East State Parkway Schaumburg, Illinois. Hosiden America was formed in 1978 and is 100% controlled by its parent, Hosiden Corporation. Hosiden America is a wholly-owned subsidiary of Hosiden Corporation. Hosiden America's President and Chief Executive Officer Kenji Furuhashi, is also the President of Hosiden Corporation. See DiBernardo Dec., Ex. C.

### Jurisdiction

4. The Court has jurisdiction over this action under Fed.R.Civ.P. 45 (a)(3)(b), which provides that a subpoena shall be issued by a court for a district in which a deposition or production is compelled by the subpoena and by Fed.R.Civ.P. 45 (c)(2)(b), which provides that a party serving a subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. The Subpoena was served on Hosiden America on Christina Gonzales, Inventory Coordinator and Authorized Person at its principal place of

NY 71075552v2

business at 120 East State Parkway Schaumburg, Illinois on behalf of the United States District Court for the Northern District Of Illinois. DiBernardo Dec., Ex. D.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) which provides generally that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Since Hosiden America is an Illinois corporation and Hosiden America's principal place of business at 120 East State Parkway Schaumburg, Illinois, venue is proper in this Court.

6. Fuji served the Subpoena on Hosiden America requesting the production of certain documents and information. The Subpoena requests production of documents in Hosiden America's possession custody or control, including documents in its parent's, Hosiden Corporation's, possession, custody or control. DiBernardo Dec., Ex. A at pg. 5. The Subpoena was issued on behalf of the United States District Court for the Northern District of Illinois and served on respondent Hosiden America on October 1, 2007. DiBernardo Dec., Ex. D.

7. Hosiden America through its counsel objected to the Subpoena on October 15, 2007 by stating, *inter alia,* that the Subpoena was unduly broad, overly burdensome and insufficiently limited in time and in scope. See DiBernardo Dec., Ex. E. Hosiden America did not object to service. Fuji's counsel, unsuccessfully attempted to negotiate an amicable settlement of the issue and is now forced to seek the help of the Court.

## Background

8. The Underlying Case is a patent infringement action that was brought by Honeywell International Inc. and Honeywell Intellectual Properties, Inc. (collectively "Honeywell") on October 6, 2004 against several defendants including Fuji. Honeywell has asserted U.S. Patent No. 5,280,371, entitled "Directional Diffuser for a Liquid Crystal Display," which issued on January 18, 1994 (the "'371 patent"). Honeywell has accused Fuji and the other Defendants of infringing claim 3 of the '371 patent, which reads:

> 3. A display apparatus comprising:
>> a light source;
>>
>> a liquid crystal panel mounted adjacent to said light source for receiving light from said light source; and
>>
>> first and second lens arrays, each having a plurality of individual lenslets, disposed between said light source and said liquid crystal panel for providing a predetermined variation with viewing angle of light transmission from said light source through said lens arrays and said liquid crystal panel, wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lens lets and said liquid crystal panel.
>
> See DiBernardo Dec., Ex. F.

9. As has been uncovered through discovery in the Underlying Case and was otherwise publicly reported, and is not disputed by Honeywell, the technology covered by the '371 patent was developed as part of a project for The Boeing Company (the "Project") that took place during at least the years 1987 through 1992. As part of the Project, Hosiden Electronics Co. Ltd. (which changed its name in October 1990 to Hosiden Corporation) partnered with Honeywell and supplied the liquid crystal panels that were used for the Project. Such liquid crystal panels are one element of asserted claim 3 and therefore are directly related to the Underlying Case.

10.     Hosiden Corporation provided liquid crystal panels assembled into LCD modules by another Japanese partner of Honeywell or by Honeywell which were incorporated in models furnished to Boeing well before the filing date of the application for the '371 patent. Honeywell claims these models embody and come within the scope of Claim 3 of the '371 patent. Honeywell and Hosiden Corporation also engaged in business discussions involving the development purported to be claimed in the '371 patent. In 1992, Hosiden Corporation also entered into discussions and negotiations regarding the potential licensing of the Honeywell patent. The details and documents supporting these allegations cannot be furnished to this Court without further order in view of the protective order in its Underlying Case. The requested correspondence between Honeywell and Hosiden Corporation and other documents are highly relevant to the Underlying Case, and their destruction is relevant to Fuji's laches defense. See DiBernardo Dec., ¶ 8 and Ex. G . Furthermore, because the '371 patent is a United States patent, any business relationship between Honeywell and Hosiden Corporation regarding the subject matter of the '371 patent likely included rights that inured to the benefit of Hosiden Corporation's United States subsidiary—Hosiden America.

11.     In connection with discovery in the Underlying Case Fuji has attempted to obtain relevant documents directly from Honeywell, the plaintiff in the Underlying Case and from Boeing, so as not to burden Hosiden; however, given the delay with which Honeywell brought suit—twelve years after filing of the application for the asserted '371 patent—Fuji has received only an incomplete record and many documents are clearly missing. DiBernardo Dec., ¶ 8 and Ex. G. Fuji has reason to believe that at least Hosiden Corporation has in its possession documents related to the Project (and thus related to the '371 patent), including technical specifications, agreements and correspondence with Honeywell that Hosiden Corporation may

have signed with Honeywell. To this end, Fuji originally served Hosiden Corporation c/o Hosiden America but was told that Hosiden America would not accept process as Hosiden Corporation's proxy. See DiBernardo Dec., Ex. H. Therefore Fuji served Hosiden America with the Subpoena.

12. In an effort to reach an amicable resolution and not burden this Court with a motion, Fuji's counsel conferred with counsel for Hosiden America on multiple occasions regarding the Subpoena. The Subpoena includes a copy of the existing protective order in the Underlying Case, which would apply to protect any trade secrets or other proprietary documents that Hosiden America produces. With regard to documents physically held by Hosiden America, its counsel responded that Hosiden America only retained documents for a seven year period and thus had no responsive documents. DiBernardo Dec., Ex. I.

13. With regard to documents physically held by Hosiden Corporation, Hosiden America refused to request, obtain or produce such documents. Counsel for Hosiden America advised Fuji's counsel that Hosiden America would not request any documents from Hosiden Corporation because "Hosiden America does not control Hosiden Corporation or have access to the files for Hosiden Corporation." DiBernardo Dec., Ex. J. However, the alleged lack of sufficient control is belied by the fact that Mr. Furuhashi is both the President and CEO of Hosiden America and President of Hosiden Corporation. See DiBernardo Dec., Ex. C at pg. 10 and Ex. B at pg. 8. Such overlapping management is sufficient to establish control and require an American subsidiary of a foreign parent to collect and produce documents held by the parent. See Flavel v. Cnare, 1993 WL 580831 at *4 (E.D. Wis. 1993); Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D. 127, 129 (D. Del. 1986); In re Uranium Antitrust Litigation, 480 F. Supp. 1138, 1145-53 (N.D. Ill. 1979). Despite Fuji providing Hosiden America with the

6

aforementioned facts and case law (DiBernardo Ex. K), Hosiden America still refuses to respond to the Subpoena.

### Request for Relief

14. Fuji respectfully requests that this Court enforce the Subpoena against Hosiden America and issue an Order requiring Hosiden America (i) to produce, within a reasonable time, all documents responsive to the Subpoena, including documents physically held by both Hosiden America and Hosiden Corporation; (ii) to pay Fuji's reasonable fees and costs incurred in bringing this Motion; and (iii) for such other and further relief as the Court may deem just and proper.

Dated: November 15, 2007                FUJIFILM CORPORATION.

                                        By _____
                                        An Attorney for FUJIFILM Corporation

Attorneys for FUJIFILM Corporation
Lawrence Rosenthal
Ian G. DiBernardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5763

George H. Gerstman
Matthew A. Werber
Seyfarth Shaw LLP
131 S. Dearborn
Suite 2400
Chicago, IL 60603
312-460-5000

NY 71075552v2
CH1 11353603.1

RE: **SUBPOENA ISSUED BY THE**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SUBPOENA TO HOSIDEN AMERICA ) | CASE NO. 07-C-6458 |
| CORPORATION IN CIVIL CASE NO. 04- ) | |
| 1338 PENDING IN THE U.S. DISTRICT ) | Judge: Marovich |
| COURT FOR THE DISTRICT OF ) | |
| DELAWARE ) | Magistrate: |
| ) | |

**FILED**
NOV 1 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**CERTIFICATE OF SERVICE**

I, Matthew A. Werber, an attorney, do hereby certify that I have caused a true and correct copy of the *AMENDED MOTION TO ENFORCE RULE 45 SUBPOENA FILED BY MOVANT FUJIFILM CORPORATION* to be served upon the following and in the manner set forth below on this 15th day of November, 2007.

**By Over Night Courier:**
Hosiden America Corporation
120 East State Parkway
Schaumberg, Illinois 60173

**By E-Mail and Over Night Courier:**
Jason Metnick, Esq. [jmetnick@masudafunai.com]
Masuda Funai
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel: 312.245.7441
Fax: 312.245.7467

Matthew L. Woods [MLWoods@rkmc.com].
Stacie E. Oberts [SEOberts@rkmc.com]
Peter N. Surdo [PNSurdo@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorney for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Richard D. Kelly [rkelly@oblon.com]
Andrew M. Ollis [AOllis@Oblon.com]
John Prepser [JPresper@Oblon.com]
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, VA 22314
*Attorney for Optrex America Inc.*

Elizabeth L. Brann [elizabethbrann@paulhastings.com]
Martin R. Bader [martinbader@paulhastings.com]
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
*Attorney for Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

David H. Ben-Meir [dhben-meir@hhlaw.com]
Stuart Lubitz [slubitz@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067-6047
*Attorney for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

/s/ Matthew A. Werber
Matthew A. Werber
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
e-mail: mwerber@seyfarth.com

Attorneys for FUJIFILM Corporation
Lawrence Rosenthal
Ian G. DiBernardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5763

Matthew A. Werber
George H. Gerstman
Seyfarth Shaw LLP
131 S. Dearborn
Suite 2400
Chicago, IL 60603
312-460-5000

2