**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| IN RE: SUBPOENA TO HOSIDEN AMERICA CORPORATION | ) ) | Case Number 07-cv-6458 |
| | ) | Judge Ruben Castillo |
| HONEYWELL INTERNATIONAL, INC., et al., | ) ) | Magistrate Judge Schenkier |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| APPLE COMPUTER, et al., | ) ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF FUJIFILM CORPORATION'S MOTION TO ENFORCE RULE 45 SUBPOENA AGAINST HOSIDEN AMERICA CORPORATION**

**Introduction**

Movant FUJIFILM Corporation ("Fuji"), by its undersigned counsel, hereby respectfully submits this Memorandum of Law in Support of its Motion To Enforce Rule 45 Subpoena Against Hosiden America Corporation ("Hosiden America") and the annexed Declaration of Ian G. DiBernardo, Esq., and exhibits annexed thereto. ("DiBernardo Dec."). Fuji respectfully requests an oral argument on the merits of the motion at a time to be determined by the Court.

The Motion arises out of a Subpoena Duces Tecum pursuant to Fed.R.Civ.P. 45 ("Rule 45"), dated September 28, 2007, that was served upon Hosiden America by Fuji (the "Subpoena") DiBernardo Dec., Ex. A, in connection with Honeywell International Inc., et al., v. Apple Computer, Inc., et al., (C.A. No. 04-1338 consolidated) a case currently pending in the United State District Court For the District of Delaware (the "Underlying Case"). Hosiden America has objected to the Subpoena and refused to produce any documents responsive to such

1

Subpoena. Discovery in the Underlying Case is scheduled to close on December 20, 2007. The Parties in the Underlying Case are in the process of trying to work on a stipulation to extend this date to January 31, 2008.

As demonstrated below, the documents requested in the subpoena are in Hosiden America's control and are relevant, material, and reasonably calculated to lead to the discovery of admissible evidence in the Underlying Case. Even the fact that responsive documents no longer exist is relevant to the Underlying Case and can lead to admissible evidence in the Underlying Case, namely Fuji's defense of laches. Thus, the requested documents should be produced without further delay, or, if responsive documents no longer exist, Hosiden America should agree to attest to such lack of documents from a person with first hand knowledge of the search for responsive documents requested in a form that will be admissible in the Underlying Case (e.g., in the form of a telephone deposition). In support of its Motion, Fuji states as follows:

## **Background**

The Underlying Case is a patent infringement action brought by Honeywell International Inc. and Honeywell Intellectual Properties (collectively "Honeywell") on October 6, 2004 against several defendants including Fuji. Honeywell has asserted U.S. Patent No. 5,280,371 entitled "Directional Diffuser for a Liquid Crystal Display" which issued on January 18, 1994 (the "'371 patent"). Counsel for each of the Honeywell entities have filed an appearance in this case. In the Underlying Case, Honeywell has accused Fuji and the other Defendants of infringing claim 3 of the '371 patent which reads:

> 3. A display apparatus comprising:
>
> a light source;

>a liquid crystal panel mounted adjacent to said light source for receiving light from said light source; and
>
>first and second lens arrays, each having a plurality of individual lenslets, disposed between said light source and said liquid crystal panel for providing a predetermined variation with viewing angle of light transmission from said light source through said lens arrays and said liquid crystal panel, wherein at least one of said first and second lens arrays is rotated about an axis perpendicular to said liquid crystal panel in order to provide a slight misalignment between said lenslets and said liquid crystal panel.

DiBernardo Dec., Ex. B

Generally, as has been uncovered through discovery in the Underlying Case, and was otherwise publicly reported and is not disputed by Honeywell, the technology covered by the '371 patent relates to work that was done by Honeywell as part of a project for Boeing Commercial Airplane Co. (the "Project") that took place at least during the years 1987 through 1992. As part of the Project, Hosiden Electronics Co. Ltd. (which changed its name in October 1990 to Hosiden Corporation) ("Hosiden Corporation") supplied the liquid crystal panel that was used for the Project. Such liquid crystal panel is one element of the asserted patent claim and is therefore directly related to the Underlying Case.

Hosiden Corporation provided liquid crystal panels that were assembled into Liquid Crystal Display (LCD) modules by another Japanese partner of Honeywell or by Honeywell, which modules were incorporated in models furnished to Boeing well before the filing date of the application for the '371 patent. Honeywell claims these models embody and come within the scope of Claim 3 of the '371 patent. Honeywell and Hosiden Corporation also engaged in business discussions involving the development purported to be claimed in the '371 patent. In 1992, Hosiden Corporation also entered into discussions and negotiations regarding the potential licensing of Honeywell patents including the technology covered by the '371 patent. The details and documents supporting these allegations cannot be furnished to this Court without further

3

order in view of the protective order in the Underlying Case. The requested correspondence between Honeywell and Hosiden Corporation and other documents are highly relevant to the Underlying Case, and their destruction is relevant to Fuji's laches defense. DiBernardo Dec., Ex. C. Moreover, because the '371 patent is a United States patent, any business relationship between Honeywell and Hosiden regarding the subject matter of the '371 patent likely included rights that inured to the benefit of Hosiden Corporation's United States subsidiary — Hosiden America.

Hosiden America is a wholly-owned subsidiary of Hosiden Corporation and is located at 120 E. State Parkway, Schaumburg, Illinois. Hosiden America was formed in 1978 and is 100% controlled by its parent Hosiden Corporation, and Hosiden America's President and CEO, Kenji Furuhashi, is also the President of Hosiden Corporation. DiBernardo Dec., Ex. D and E.

In connection with discovery in the Underlying Case, Fuji has attempted to obtain relevant documents and other related information directly from Honeywell, and from Boeing, so as not to burden Hosiden America, however, given the delay with which Honeywell brought suit—twelve years after filing of the application for the asserted '371 patent—Fuji has received only an incomplete record and many documents are clearly missing. Fuji has reason to believe that at least Hosiden Corporation has (or had before it was destroyed as part of a document retention policy) in its possession documents related to the Project (and thus related to the '371 patent), including technical specifications, agreements and correspondence with Honeywell that Hosiden Corporation may have signed with Honeywell.[1]

---

[1] To this end, Fuji originally served Hosiden Corporation c/o Hosiden America but was told that Hosiden America would not accept process as Hosiden Corporation's proxy. DiBernardo Dec., Ex. F. Therefore, Fuji served Hosiden America with the Subpoena.

4

Hosiden America (through its counsel) objected to the Subpoena on October 15, 2007 by stating, *inter alia*, that the Subpoena was unduly broad, overly burdensome and insufficiently limited in time and in scope.  In an effort to reach an amicable solution and not burden this Court with such a Motion, Fuji's counsel spoke with counsel for Hosiden America and offered to limit the scope of the subpoena to a narrower time frame (e.g., 1988-1992) and a narrower universe of documents (e.g., agreements and product specifications related to specific aspects of the Project), and to enter into a protective order to protect any trade secrets or other proprietary documents that may need to be produced.  Hosiden America's counsel responded that Hosiden America only retained documents for a seven-year period and had not "independently retained any contracts between Hosiden Corporation and Honeywell."  Therefore Hosiden America did not have the documents sought by the Subpoena.  DiBernardo Dec., Ex. G.  Additionally counsel for Hosiden America advised Fuji's counsel that Hosiden America would not request any document from Hosiden Corporation because "Hosiden America does not control Hosiden Corporation or have access to the files for Hosiden Corporation."  DiBernardo Dec., Ex. H.  In response thereto, Fuji submitted its Motion for an Order to Compel the Production of Documents from Hosiden America.

Subsequent to Fuji submitting its Motion to Compel and this Court setting a briefing schedule, Hosiden America submitted to this Court a declaration signed by Soichiro Rai, treasurer of Hosiden America, which states, *inter alia*, that Hosiden America does not retain documents that are more than seven years old and therefore Hosiden America does not have any documents responsive to the Subpoena.  DiBernardo Dec., Ex. I ¶ 4.  Additionally, the declaration further states that Hosiden Corporation has advised Hosiden America that Hosiden Corporation does not have any documents responsive to the Subpoena.  Id. at ¶ 7.  While this

declaration does seem to attest to the fact that Hosiden Corporation does not have any documents related to the Honeywell transaction and the '371 patent, Mr. Rai's declaration, as it pertains to Hosiden Corporation's failure to locate responsive documents, may be declared hearsay in the Underlying Case and may not be admissible for use by Fuji in support of its laches defense to Honeywell's claim of patent infringement.

After receiving the declaration, Fuji's counsel contacted counsel for Honeywell to resolve this matter with the least burden to Hosiden and the Court.  DiBernardo Dec., Ex. J.  Fuji requested Honeywell stipulate to the non-existence of responsive documents. Honeywell denied the request on December 3, 2007.  DiBernardo Dec., ¶ 12.  Again trying to minimize the burden on Hosiden America and this Court, Fuji suggested to Hosiden America's counsel that Hosiden America identify one or more employees of either Hosiden America and/or Hosiden Corporation with first-hand knowledge of the non-existence of responsive documents, if that was the case, who could be made available for a brief deposition (possibly telephonic) on the subject. DiBernardo Dec., ¶ 13.  The reason for Fuji's request for a deposition is to make sure that the resulting response is open to cross-examination by Honeywell so that it will indisputably be admissible in the Underlying Case.  Hosiden America's counsel rejected the suggestion and offered no alternatives.  DiBernardo Dec., ¶ 13.

In response thereto, Fuji respectfully submits this Memorandum of Law in support of its Motion for an Order to Compel the Production of Documents from Hosiden America.

## **Legal Arguments**

Pursuant to Rule 45, a non-party may be required to produce for discovery relevant materials which are in the non-party's "possession, custody, or control."  Fed.R.Civ.P. 45(a)(1)(C). A relevant matter has been defined by the Supreme Court  as "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be

6

in the underlying case." Oppenheimer Fund, Inc. v. Sander, 437 U.S. 340, 351 (1978).  This Court has found that Rule 45 draws no distinction between parties and non-parties concerning the scope of discovery.  Dexia v Rogan, 231 F.R.D. 538, 541 (N.D. Ill. 2004)  It is clear that Hosiden Corporation's involvement in the Project and its building of the liquid crystal panel as part of the Project clearly bears on the issues in the Underlying Case and it cannot be disputed that Hosiden Corporation's documents, or the non-existence of such documents, are relevant to the Underlying Case.  The question for this Court to determine is whether Hosiden Corporation's documents and other materials requested in the Subpoena are in Hosiden America's possession, custody or control.  If the Court determines that the Hosiden Corporation documents and other materials requested in the Subpoena are in Hosiden America's possession, custody or control, but no such documents or materials exist, this Court should require Hosiden America to produce one or more employees who can testify to that fact in an admissible manner and not hide behind a declaration which states that they have been "voluntarily" advised that no such documents exist.

"On the issue of control, it is 'well-settled that a party need not have actual possession of the documents to be deemed in control of them;' rather, the 'test is whether the party has a legal right to obtain them'" Dexia, 231 F.R.D. at 542 citing In re Folding Carton Antitrust Litigation, 76 F.R.D. 420, 423 (N.D. Ill. 1977).  Thus, if Hosiden America has a legal right to obtain Hosiden Corporation's documents, such documents are deemed to be in Hosiden America's control and Hosiden America is obligated to produce such documents or indicate that such documents do not exist.

The courts have enacted a balancing test when trying to determine whether one entity must produce documents held by a related entity.  In deciding whether a subsidiary has control

7

over documents that are held by its parent corporation, courts focus on the closeness of the relationship between the entities. Flavel v. Cnare, 1993 WL 580831 at *4 (E.D. Wis. 1993); Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D. 127, 129 (D. Del. 1986); In re Uranium Antitrust Litigation, 480 F. Supp. 1138, 1145-53 (N.D. Ill. 1979).  Courts have measured the closeness of the relationship by balancing four factors: "(1) adequate ownership share in the subsidiary by the parent;  (2) interlocking management structures;  (3) sufficient control exercised by the foreign parent over the subsidiary's directors, officers, and employees;  and/or (4) a 'connection to the transaction' at issue."  Id.(emphasis added). In other words, the courts have looked at the totality of the relationship between the two parties while specifically looking to some or all of the above four factors to determine if a subsidiary can be deemed to be in control over documents held by its parent corporation.

     Applying the test to the present facts, Hosiden America is clearly interrelated with Hosiden Corporation enough to compel Hosiden America to produce documents held by Hosiden Corporation.  First, Hosiden Corporation has adequate ownership share in Hosiden America. Hosiden Corporation owns 100% of Hosiden America since its formation including during the period 1988-1992 when the Project took place, and for which period documents are requested. Therefore the first prong of the balancing test is undoubtedly met.

     Second, Hosiden America and Hosiden Corporation have interlocking management structures.  Kenji Furuhashi is both the President of Hosiden Corporation and President/CEO of Hosiden America.  Therefore the management structures of the two entities are interrelated, and Mr. Furuhashi's dual role as President and CEO of both entities points to Hosiden America having control over the documents requested.  Flavel 1993 WL at *4.

Third, Hosiden Corporation exercises sufficient control over Hosiden America's directors officers and employees. Hosiden America only has 31 employees (including its officers and directors). DiBernardo Dec., Ex. E. Mr. Furuhashi, Hosiden Corporation's President is also at the top of Hosiden America's management structure; he is the President and chief executive officer of Hosiden America. As such, Hosiden Corporation is in a position to exercise control over its wholly owned subsidiary and its employees and officers. Thus the third factor weighs in favor of finding Hosiden America has control over Hosiden Corporation's documents.

Lastly, Hosiden Corporation is related to the '371 patent asserted in the Underlying Case and the Project from which the '371 patent arose. Hosiden Corporation was an integral part of the Project and the making of the liquid crystal panels that are an element of asserted claim 3 of the '371 patent. Additionally, Hosiden Corporation attempted to license the technology covered by the '371 patent, and related documents or the absence thereof bear directly on issues of the Underlying Case. Moreover, since the '371 patent is a United States patent, any license that Hosiden Corporation may have sought, obtained or negotiated has a direct connection to its United States subsidiary, Hosiden America.

Indeed, the relationship between Hosiden America and Hosiden Corporation is confirmed in Hosiden America's declaration of Mr. Rai. Despite Hosiden America never having inquired of Hosiden Corporation as to whether it had any responsive documents, Hosiden Corporation, after becoming aware of this Motion to Compel, purportedly undertook a search for documents and contacted its subsidiary. DiBernardo Dec., Ex. I at ¶ 7.

Balancing all of the above factors as a whole, Hosiden America has the requisite degree of control over the documents sought in the subpoena necessary to require Hosiden America to produce the documents requested. Flavel, 1993 WL 580831 at *4 ; Afros, 113 F.R.D. at 129;

9

Uranium, 480 F. Supp. at 1150 (N.D. Ill. 1979).  Hosiden America is a wholly owned subsidiary of Hosiden Corporation; Hosiden Corporation and Hosiden America have an interlocking management structure, Hosiden Corporation exercises sufficient control over Hosiden America, and the documents requested are directly related to the '371 patent and the Underlying Case.  In the alternative, if responsive documents once existed but no longer exist, Hosiden America should be required to provide one or more employees with first hand knowledge of the search to submit to a deposition on the subject stating that such documents do not exist or were destroyed.

## Conclusion

For the foregoing reasons, Fuji respectfully requests that this Court issue an Order requiring Hosiden America (i) to undertake a search, both at Hosiden America and Hosiden Corporation for and produce, within a reasonable time, all documents responsive to the Subpoena; (ii) if no such documents exist, produce one or more employees with first-hand knowledge of such search and non-existence of documents to submit to a deposition on the subject; and (iii) to pay Fuji's reasonable fees and costs incurred in bringing this Motion; and for such other and further relief as the Court may deem just and proper.

**DATED:  December 4, 2007**                    Respectfully submitted,

                                               FUJIFILM CORPORATION


                                                 s/Matthew A. Werber


<u>Attorneys for FUJIFILM Corporation</u>
Lawrence Rosenthal
Ian G. DiBernardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5763

George H. Gerstman
Matthew A. Werber
Seyfarth Shaw LLP
131 S. Dearborn
Suite 2400
Chicago, IL 60603
312-460-5000

**CERTIFICATE OF SERVICE**

I, Matthew A. Werber, an attorney, certify that I caused the foregoing MEMORANDUM OF LAW IN SUPPORT OF FUJIFILM CORPORATION'S MOTION TO ENFORCE RULE 45 SUBPOENA AGAINST HOSIDEN AMERICA CORPORATION, Declaration of Ian G. DiBernardo, Esq., and exhibits annexed thereto to be (1) filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing; and (2) served via electronic mail on this 4th day of December, 2007.

**By E-Mail:**
Matthew L. Woods [MLWoods@rkmc.com].
Stacie E. Oberts [SEOberts@rkmc.com]
Peter N. Surdo [PNSurdo@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorney for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Richard D. Kelly [rkelly@oblon.com]
Andrew M. Ollis [AOllis@Oblon.com]
John Prepser [JPresper@Oblon.com]
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, VA 22314
*Attorney for Optrex America Inc.*

Elizabeth L. Brann [elizabethbrann@paulhastings.com]
Martin R. Bader [martinbader@paulhastings.com]
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA  92130
*Attorney for Samsung SDI America, Inc. and Samsung SDI Co., Ltd.*

David H. Ben-Meir [dhben-meir@hhlaw.com]
Stuart Lubitz [slubitz@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA  90067-6047
*Attorney for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd*


                                                        s/Matthew A. Werber
                                                    Matthew A. Werber
                                                    SEYFARTH SHAW LLP
                                                    131 South Dearborn Street, Suite 2400
                                                    Chicago, Illinois  60603
                                                    Telephone:  (312) 460-5000
                                                    Facsimile:  (312) 460-7000
                                                    e-mail:  mwerber@seyfarth.com

.