IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| IN RE: SUBPOENA TO HOSIDEN AMERICA CORPORATION | ) ) | Case Number 07-cv-6458 |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., et al., | ) ) | Judge Ruben Castillo |
| | ) | Magistrate Judge Schenkier |
| Plaintiffs, | ) ) | |
| v. | ) | |
| | ) | |
| APPLE COMPUTER, et al., | ) ) | |
| Defendants | ) ) | |

## **DECLARATION OF IAN G. DIBERNARDO IN SUPPORT OF MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE RULE 45 SUBPOENA AGAINST NON-PARTY HOSIDENAMERICA CORPORATION**

IAN G. DIBERNARDO, declares, under penalty of perjury, as follows:

1. I am a partner with the firm of Stroock & Stroock & Lavan LLP, having offices at 180 Maiden Lane, New York, New York 10038 and represent Movant FUJIFILM Corporation ("Fuji"). I am an attorney at law admitted to practice before the courts of the State of New York.

2. Annexed as Exhibit A is a true and correct copy of a Subpoena Duces Tecum served on Hosiden America Corporation in connection with <u>Honeywell International Inc., et al., v Apple Computer, Inc., et al.</u> (C.A. No. 04-1338 (consolidated)), (the "Underlying Case") a case currently pending in the United State District Court for the District of Delaware. I am admitted to practice (pro hac vice) in that case. Fuji is one of the defendants in that case, which

NY 71119523v1

arises out of a claim of infringement of U.S. Patent No. 5,280,371 (issued January 18, 1994) based on the incorporation of liquid crystal display ("LCD") modules incorporated in Fuji digital still cameras sold in the United States.

3. Annexed as Exhibit B is a true and correct copy of U.S. Patent No. 5,280,371, entitled Directional Diffuser for Liquid Crystal Display which issued on January 18, 1994, which is asserted against Fuji in the Underlying Case.

4. Annexed as Exhibit C is a true and correct copy of a Document Request dated July 19, 2006 wherein Fuji requested Honeywell to produce documents related to its involvement with Hosiden Corporation; however, Honeywell did not produce all relevant documents. In the Underlying Case, Fuji has asserted the defense of laches based upon *inter alia* prejudice arising out of the destruction or other loss of the requested documents.

5. Annexed as Exhibit D is a true and correct copy of a Dun & Bradstreet Report for Hosiden Corporation.

6. Annexed as Exhibit E is a true and correct copy of a Dun & Bradstreet Report for Hosiden America Corporation.

7. Annexed as Exhibit F is a true and correct copy of an email from Jason Metnick, counsel for Hosiden America Corporation, to myself dated October 31, 2007.

8. Annexed as Exhibit G is a true and correct copy of an email from Jason Metnick, counsel for Hosiden America Corporation, to myself dated November 2, 2007.

9. Annexed as Exhibit H is a true and correct copy of an email and attachments thereto from myself to Jason Metnick, counsel for Hosiden America Corporation, dated October 29, 2007.

10. Annexed as Exhibit I is a true and correct copy of a Declaration of Soichiro Rai submitted to this Court on behalf of Hosiden America Corporation.

11. Annexed as Exhibit J is a true and correct copy of a letter from myself to Matthew W. Woods, Esq, counsel for Honeywell dated November 28, 2007.

12. On December 3, 2007, I had a conversation with Amy Softich of the Robins, Kaplan, Miller and Ciresi LLP law firm, counsel for Honeywell, in which she informed me that Honeywell could not agree to a stipulation as requested in my November 28, 2007 letter attached hereto as Exhibit J.

13. On December 3, 2007, I had a conversation with Jason Metnick, counsel for Hosiden America Corporation, in which I explained the deficiency of the Declaration attached hereto as Exhibit I and requested that in lieu of filing briefs with the Court, Hosiden America Corporation make available for a telephonic deposition a witness with first hand knowledge of the search carried out at Hosiden Corporation for documents responsive to the Subpoena attached hereto as Exhibit A. Mr. Metnick informed me that he was unwilling or unable to do that.

14. I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code.

By: _____

Ian G. DiBernardo

Dated: 12-4-07

NY 71119523v1