IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| IN RE: SUBPOENA TO HOSIDEN AMERICA ) | Case No.: 07 C 6458 |
| CORPORATION ) | |
| ) | Judge Ruben Castillo |
| HONEYWELL INTERNATIONAL, INC., et al., ) | |
| ) | Magistrate Judge Schenkier |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE COMPUTER, et al., ) | |
| ) | |
| Defendants. ) | |

**HOSIDEN AMERICA CORPORATION'S RESPONSE
IN OPPOSITION TO AMENDED MOTION TO ENFORCE RULE 45 SUBPOENA
AGAINST NON-PARTY HOSIDEN AMERICA CORPORATION**

Respondent, Hosiden America Corporation ("Hosiden America"), by and through its counsel, Rein F. Krammer and Jason M. Metnick, hereby submits its brief in opposition to Fujifilm Corporation's Amended Motion to Enforce Rule 45 Subpoena Against Non-Party Hosiden America (the "Motion to Enforce"), and in support thereof states as follows:

I.  Introduction

Movant, Fujifilm Corporation ("Fujifilm"), has brought the present Motion to Enforce (and continues to pursue the Motion to Enforce) against Hosiden America despite the fact that the subpoena duces tecum at issue has been complied with and the present Motion to Enforce is moot. This Court could summarily end its inquiry into this matter based upon Fujifilm's admission in its memorandum of law in support of its Motion to Enforce,[1] in which Fujifilm admits that in addition to advising Fujifilm that

---

[1] Hosiden America notes that Fujifilm has actually filed a memorandum of law in support of its originally-filed motion, and not in support of its amended motion, but Hosiden America assumes that this is an

Hosiden America has no responsive documents, Hosiden America has provided a "declaration [that] does seem to attest to the fact that Hosiden Corporation does not have any documents related to the Honeywell transaction and the '371 patent." Fujifilm has raised no objection to the reliability or scope of the searches undertaken, respectively, at Hosiden Corporation and at Hosiden America. Fujifilm has elected to press onward, however, and now demands this Court to order (and Hosiden America to produce) one or more representatives for deposition to attest to the nonexistence of documents responsive to Fujifilm's subpoena duces tecum.

Thus, even though no responsive documents exist and Fujifilm admits this fact, Fujifilm has forced Hosiden America to respond to Fujifilm's moot Motion to Enforce. As a subterfuge for taking the deposition of a representative of Hosiden Corporation, Fujifilm asks this Court to order Hosiden America to search Hosiden America and Hosiden Corporation's files for responsive documents – which has already been done by Hosiden America and Hosiden Corporation – or, alternatively, produce for deposition one or more employees with "first-hand knowledge" of the nonexistence of responsive documents (which would necessarily include persons in Japan), even though Fujifilm has no right to demand (and its subpoena duces tecum did not require) Hosiden America representatives to be produced for deposition.

## II.   Background Facts

On or about September 11, 2007, Fujifilm served a subpoena duces tecum upon Hosiden America (the "September Subpoena"). *See* Exhibit A, attached hereto. The September Subpoena was directed to "Hosiden Corporation c/o Hosiden America Corporation." The September Subpoena essentially improperly sought production of every document, product, and electronic communication that related to Hosiden Corporation's (the Japanese parent corporation of Hosiden America) business between

---

unintentional error by Fujifilm, since this Court already vacated and denied Fujifilm's originally-filed motion as moot by this Court's order entered on November 27, 2007.

1988 and 1994, [2] and none of which was related to Hosiden America's business, but related only to Hosiden Corporation.

Hosiden America objected to producing any of the categories of documents requested in Fujifilm's September Subpoena on the basis that, among other reasons, "the subpoena was erroneously served on Hosiden America as a proxy for service upon Hosiden Corporation." Hosiden America further objected to producing the categories of documents requested in the September Subpoena because they were "overly broad, unduly burdensome, insufficiently limited in time and in scope, and are not within the reasonable control of Hosiden America." Counsel for Fujifilm was also advised that Fujifilm should issue a subpoena directly to Hosiden Corporation, since the September Subpoena was apparently solely intended to discover documents that Fujifilm believed would be in the possession and control of Hosiden Corporation.

Instead of issuing a subpoena directly to Hosiden Corporation, on October 1, 2007 Fujifilm served a second subpoena duces tecum upon Hosiden America, which was identical in all respects to the September Subpoena except for naming Hosiden America as the intended recipient (the "October Subpoena"). *See* Exhibit B, attached hereto. In response, on October 15, 2007 Hosiden America notified Fujifilm that Hosiden America objected to the October Subpoena because it was, among other things, unduly broad, overly burdensome, insufficiently limited in time and in scope, and the relevance of the requested documents and things to be produced were not sufficiently justified given the significant burden imposed upon Hosiden America in responding to the October Subpoena.

In light of Hosiden America's objections to the October Subpoena, on October 31, 2007, counsel for Fujifilm and Hosiden America agreed that Fujifilm would limit the scope of the October Subpoena and Hosiden America, not Hosiden Corporation, and would correspondingly undertake a limited search of Hosiden America's files only for

---

[2] For example, the definition of a "document" in the September Subpoena was over a page long and subsections a-f of the definition contained over 100 additional examples of what qualifies as a responsive document.

3

contracts and product specifications relating to work done by Hosiden Corporation for Boeing and Honeywell between the years 1988-1992. After searching Hosiden America's files for responsive contracts and product specifications, Hosiden America discovered that Hosiden America did not have any responsive documents and notified Fujifilm accordingly. Hosiden America never agreed to produce any documents located at, possessed by or controlled by Hosiden Corporation, even under the limited search conditions employed with Hosiden America's files, as counsel for Hosiden America had advised Fujifilm's counsel that, consistent with Hosiden America's prior objections, all such categories of items were not within Hosiden America's control and Hosiden America had no ability or right to require Hosiden Corporation to produce such items.

Upon Fujifilm's filing of its Motion to Enforce and unbeknownst to Hosiden America, Fujifilm sent a copy of the Motion to Enforce to Hosiden Corporation (in Japan). Consequently, upon receiving Fujifilm's package containing the Motion to Enforce and the October Subpoena, Hosiden Corporation voluntarily notified Hosiden America that Hosiden Corporation did not have any materials responsive to the October Subpoena. Accordingly, Hosiden America filed the declaration of Mr. Soichiro Rai, in which he testified that both Hosiden America and Hosiden Corporation do not have any documents that are responsive to the October Subpoena. Because Hosiden America has testified that no responsive documents or tangible things exist at Hosiden Corporation or Hosiden America, Hosiden America requested Fujifilm to withdraw the Motion to Enforce, but Fujifilm has refused to withdraw it.

III.  Argument

Fujfilm misleads this Court by claiming that Hosiden America "refused to produce any documents responsive to [the October Subpoena]," because all such documents do not exist and are otherwise not within Hosiden America's control. Conversely, Hosiden America has met its production burden per the requirements of Federal Rules 34 and 45.

It is instrumental to note that "A party need not produce documents or tangible

4

things that are not in existence or within its control." *Hagemeyer N. Am. Inc. v. Gateway Data Scis. Corp.*, 22 F.R.D. 594, 598 (E.D. Wis. 2004). "It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Id.* "In the face of a denial by a party that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." *Id.* (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997).

### A.     Hosiden America Met its Production Burden.

In the October Subpoena, Fujifilm requested Hosiden America to produce documents and tangible items that are between thirteen and nineteen years old. Hosiden America's corporate practice is not to retain the categories of requested documents (as limited by agreement with Fujifilm) that are more than seven (7) years old; nevertheless, Hosiden America conducted a search of its files to confirm that these old documents were not otherwise retained. This search revealed that no such documents had been retained. Thus, based upon its search, Hosiden America denied that any responsive documents existed and advised Fujifilm that these old documents and tangible items did not exist. Hosiden America further advised Fujifilm that Hosiden America does not control any documents or tangible items possessed by Hosiden Corporation, nor can Hosiden America compel Hosiden Corporation to produce them.

Fujifilm has not set forth any reason not to believe that Hosiden America does not have responsive documents. In fact, Fujifilm is clearly aware of the unlikelihood that these old documents and tangible item exist, as both Boeing and Honeywell (defendants in the underlying case, *Honeywell Int'l Inc. et al. v. Apple Computer et al.*, C.A. No. 04-1338 pending in the United States District Court for the District of Delaware, hereinafter, the "Underlying Case") have been incapable of producing them.

Nor has Fujifilm complained in its Motion to Enforce or in its memorandum of law that Hosiden America has not performed an adequate search of the files within its

control (and any such argument raised for the first time in Fujifilm's reply brief would be disingenuous). Plainly, because Hosiden America has searched for the requested documents and found that they no longer exist, Hosiden America has met its production burden for searching files within its control. Fujifilm has made no argument that Hosiden America's search of Hosiden America's files was insufficient, and therefore, Hosiden America should not be required to search its files again for documents that it has declared under oath do not exist nor be forced to be produced for a deposition that was not sought under the October Subpoena.

    B.    **Hosiden Corporation Has No Responsive Documents and Hosiden America Has No Legal Right To Obtain Documents From Its Japanese Parent Corporation.**

Hosiden America has no legal right to obtain Hosiden Corporation's documents or other tangible possessions. In addition, Hosiden Corporation has voluntarily advised Hosiden America that Hosiden Corporation has no documents responsive to the October Subpoena. Fujifilm's allegations are simply ill-conceived and promote form over substance.

Where, as here, a subsidiary is 100% wholly-owned, the party compelling production of documents possessed by a foreign parent corporation must allege facts that rise to the level necessary to show extensive "corporate closeness" between the parent and subsidiary corporations. *Hoechst Celanese Corp. v. Nat. Union Fire Ins. Co.*, No. 89 C-SE-95, 1995 WL 411795, at *2 (Del Super. 1995)(unpublished opinion);[3] *see also Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992)(party seeking document production bears the burden of establishing the opposing party's control over such documents). Fujifilm's argument is deficient, because Fujifilm has extrapolated facts and made false assumptions based upon a Dun & Bradstreet report to conclude that Hosiden America controls Hosiden Corporation's documents. In reality, Hosiden America cannot access Hosiden Corporation's files or other tangible things,

---

[3] All cases cited to Westlaw citations are included in Group Exhibit F, attached hereto.

nor can Hosiden America compel Hosiden Corporation to produce such files or other tangible things.

In determining whether or not a party exercises "control" for document production purposes, "courts ask whether a party has a legal right to obtain the documents requested upon demand; actual possession is not necessary." *Flavel v. Svedala Indus., Inc.*, No. 92-C-1095, 1993 WL 580831, at *3, (E.D. Wis. 1993)(internal citation omitted). "In determining whether a U.S. - domestic corporation must produce documents in possession of a foreign parent or affiliate, the courts have focused on whether the U.S. corporation has the requisite degree of control over the documents sought." *Id.* at *4 (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986); *In re Uranium Litigation*, 480 F. Supp. 1138, 1145-53 (N.D. Ill. 1979)). Courts accordingly focus on the closeness of the relationship between the parent and subsidiary to determine whether a subsidiary has "control" over the parent corporation's documents. *Flavel*, 1993 WL 580831, at *4 (citing *Johnson v. Cloos Int'l, Inc.*, No. 89 C 8493, 1990 WL 106560, at *1-2 (N.D. Ill. 1990)). Moreover, "a party is generally considered to have 'control' over documents under Rule 34(a) if it can likely obtain such documents upon demand." *Flavel*, 1993 WL 580831, at *4. The key factual issues that the United States District Court for the Northern District of Illinois examines to determine control are: (1) the ownership share in a subsidiary by a parent corporation; (2) whether the corporations have interlocking management structures; and (3) the degree of control exercised by the parent over the subsidiary's directors, officers and employees.[4] *Johnson*, 1990 WL 106560, at *1 (N.D. Ill. 1990); *accord In re Uranium*, 480 F. Supp. at 1151.

---

[4] Some courts outside of the Northern District of Illinois have also examined whether there is a "connection to the transaction at issue" as an alternative third factor or additional fourth factor. Courts in the Northern District of Illinois do not appear to address this additional factor. Even if this Court were to weigh this additional factor, however, Hosiden America has no connection to the Underlying Case or the matters at issue therein, and upon belief, never had any documents related to the Underlying Case.

i. **Ownership of Hosiden America.**

Hosiden America admits that it is a 100% owned subsidiary of Hosiden Corporation. This factor alone, however, is insufficient to conclude that Hosiden America controls documents possessed by Hosiden Corporation. *See, e.g., Hoechst Celanese Corp.*, 1995 WL 411795, at *2.

ii. **Hosiden America and Hosiden Corporation Do Not Have Interlocking Managements Structures.**

Hosiden America cannot compel Hosiden Corporation to produce documents, because it does not have the "far more extensive degree of 'corporate closeness'" required to exert control over such documents. *Hoechst Celanese Corp.*, 1995 WL 411795, at *1. Fujifilm's reliance on the sharing of a single officer in common between Hosiden America and Hosiden Corporation does not rise to the level of extensive corporate closeness that has been found necessary to compel a U.S. subsidiary to produce its foreign parent corporation's documents.

For example, in *Flavel*, the officers of the parent corporation had the final say on management decisions, shared two of three board members in common, and took a role in the employment practices of the subsidiary corporation which were the subject of the underlying litigation. *Flavel*, 1993 WL 580831, at *5. In another example, in *Afros*, the subsidiary was shown to be acting as an agent of its parent corporation, several of the subsidiary's board members were board members of its parent corporation and managed the affairs of both companies, and there was pervasive oversight of the subsidiary corporation by the parent corporation. *Afros*, 113 F.R.D. at 131-132. *Flavel* and *Afros* are factually distinguishable from the instant case.

Here, Fujifilm alleged only that a single officer is in common between Hosiden Corporation and Hosiden America, but Fujifilm does not allege any actual management decisions made by Hosiden Corporation for Hosiden America, or vice-versa. Nor does Fujifilm claim which entity, if either, had any managerial roles in relation to the '371

patent in the Underlying Case. This Court should find that, contrary to cases like *Flavel* and *Afros* in which an extensive factual records of management decision-making were alleged, Fujifilm has not alleged sufficient facts to meet its burden in showing how either Hosiden Corporation or Hosiden America have interrelated management structures.

        iii.    **Fujifilm Has Alleged No Facts Showing Hosiden Corporation Controls Hosiden America or that Hosiden America Controls Hosiden Corporation.**

Instead of alleging any facts showing how Hosiden Corporation controls Hosiden America, Fujifilm simply reiterated that Mr. Furuhashi is an officer of both Hosiden Corporation and Hosiden America. *See* Fujifilm Mem. of law, at 9. Fujifilm has failed to allege any facts supporting its conclusion that "Hosiden Corporation is in a position to exercise control over [Hosiden America]." *Id.* Because Fujifilm has alleged no supportive facts, this Court should find that there is insufficient evidence of Hosiden Corporation's control over Hosiden America.

Where, as here, a subsidiary is 100% wholly-owned, Fujifilm must allege factual allegations that rise to the level necessary to show corporate closeness. *See Hoechst Celanese Corp.*, 1995 WL 411795, at *2. Fujifilm has not met this factual showing. The sole officer in common to Hosiden Corporation and Hosiden America, Mr. Furuhashi, is not involved in the day-to-day business affairs of Hosiden America, and he resides in Japan. *See* Supplemental Declaration of Soichiro Rai, attached as Exhibit C. Moreover, Mr. Furuhashi is not alleged by Fujifilm to have been involved in the management of anything related to the categories of documents requested in the October Subpoena, nor is it alleged that Mr. Furuhashi generally exerts managerial control over Hosiden America. Consequently, Fujifilm's conclusion that Hosiden Corporation exercises control over Hosiden America is factually unfounded. *See* Fujifilm Mem. of law, at 9.

Contrary to Fujifilm's allegations, Hosiden America and Hosiden Corporation's relationship is consistent with the laws of Japan, which do not empower subsidiary

corporations to compel documents from parent corporations. *See* Higuchi Declaration, attached as Exhibit D. This relationship is consistent with the relationship between Hosiden Corporation and Hosiden Japan, as testified by Hosiden America's treasurer. *See* Rai Declaration, Exhibit C; *see also* Supplemental Rai Declaration, attached as Exhibit E. This Court should find that Hosiden Corporation does not control Hosiden America, and further find that Hosiden America does not have authority to compel Hosiden Corporation to produce documents.

### C.  Fujifilm's Subpoena Is Unduly Burdensome and Grossly Overbroad.

Even if this Court finds that sufficient control exists for Hosiden America to compel production of Hosiden Corporation's documents, that finding would not support ordering Hosiden America to produce all the documents sought by Fujifilm. Rule 45(c)(3)(A)(iv) commands that a court shall quash a subpoena if it subjects a person to undue burden. The Northern District of Illinois recognizes that "[i]n keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. *U.S. v. Amerigroup Illinois, Inc.*, No. 02 C 6074, 2005 WL 3111972, at *4 (N.D. Ill. 2005)(internal citations omitted). "Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs." *Id.* at *5 (internal quotations and citations omitted). Hosiden America, a non-party in the Underlying Case, should be protected from undertaking a search for documents and items that span several decades and encompass every iota of information related to Hosiden Corporation's business.

Fujifilm's October Subpoena requests an exceedingly broad selection of items, including, but not limited to: all documents, proposals requirements, specifications, requests for quotation, requests for proposals, contracts, products, samples, prototypes, models, demonstrations, and other related things between Hosiden Corporation, Honeywell, The Boeing Company, and Japan Aviation Electronics ("JAE") from 1998

through 1994, *plus* without any limitation in time, **all** documents between Hosiden Corporation and JAE or Honeywell, **all** documents related to the '371 patent, **all** communications between Hosiden Corporation the inventors of the '371 patent, **all** documents relating to certain lens arrays offered by 3M Company, *plus* **all** documents relating to the Society of Information Display from January 1988 through October 2004. *See* Fujifilm's October Subpoena, Exhibit B. Federal courts have quashed subpoenas that are *less* expansive than the October Subpoena, because such subpoenas have been deemed to be facially defective and unduly burdensome. *See Morrow v. Air Ride Techs., Inc.*, No. IP-05-113, 2006 WL 559288, at *2 (S.D. Ind. 2006)(request to non-party for all documents and communications concerning business over 7-year period unduly burdensome); *see also Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd. et al.*, 333 F.3d 38, 42 (1st Cir. 2003)(request to non-party for all documents received, reviewed or generated over a 10-year period unduly burdensome). Fujifilm's October Subpoena is facially defective and unduly burdensome, as it requires the production of at least two decades of documents and materials, which encompass all documents, communications and other things regarding Hosiden Corporation and various other businesses.

The alleged criticality of the documents Fujifilm seeks is also insufficient to justify Hosiden America to search decades of files for responsive documents. Fujifilm seeks to impose a heavy burden upon Hosiden America, a non-party to this action, solely to complement the record of documents Fujifilm has already obtained from other parties, including from named parties in the Underlying Case. *See* Fujifilm Mem. of law, at 4 ("Fuji has received only an incomplete record . . ."). To this end, Fujifilm blames its unduly burdensome production requests on Honeywell and as a result of the delay before the Underlying Case was filed, but this justification misses the point – the document production requests are of such a Brobdingnagian proportion (even in its definitions section) that no amount of need to fill in the holes of Fujifilm's case can be realistically justified.

This Court should quash the October Subpoena because: (1) the special weight accorded under Federal Rule 45 to a non-party requires protection of Hosiden America

11

from undue burden from subpoena power; (2) the production requests spanning over two decades, including all documents and communications, are facially unduly burdensome and grossly overbroad; and (3) Fujifilm's claimed need for the requested documents is far outweighed by the burden imposed upon Hosiden America.

> D.  **Fujifilm's Requested Relief For Depositions Is Not Permitted By Law.**

Fujifilm's requested relief from this Court, that Hosiden America produce employees of Hosiden Corporation and Hosiden America for deposition, is not permitted under Rule 34 of the Federal Rules of Civil Procedure, nor has Fujifilm sought to command anyone to be deposed in either the September Subpoena or in the October Subpoena. This Court should accordingly deny Fujifilm's baseless request.

"The 1970 amendments revised Rule 34 to have it operate extrajudicially, rather than by court order, doing away with the requirement for a sworn denial [in response to a request for production of documents]." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594 (E.D. Wisc. 2004)(citing Fed. R. Civ. P. 34, Advisory Committee's Note to the Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery, 48 F.R.D. 487, 527 (1970)). In other words, Fujifilm's requested relief was abolished 37 years ago, and Fujifilm has no right to a sworn denial of the existence of documents responsive to the October Subpoena.

Procedurally, Fujifilm could have attempted to command the deposition of a corporate representative of Hosiden Corporation, per Federal Rule 30(b)(6), but likely has not done so, because any such corporate representative is located in Japan and not subject to personal jurisdiction in Illinois. Thus, in an attempt to make an end-run around the apparent personal jurisdiction issue, Fujifilm now asks this Court somehow to leverage and convert Fujifilm's October Subpoena into either a Rule 30(b)(6) deposition, or to turn back the clock to 1969 and require Hosiden America and Hosiden Corporations employees to be submitted for deposition. Because both of these options are impossible, this Court should deny Fujifilm's requested relief for deposition of Hosiden America or Hosiden Corporation employees as a matter of law.

## Conclusion

For the foregoing reasons, Hosiden America Corporation respectfully requests that this Court enter an order: (i) denying Fujifilm Corporation's Amended Motion to Enforce Rule 45 Subpoena Against Non-Party Hosiden America in its entirety; and (ii) awarding Hosiden America its reasonable attorneys' fees pursuant to Rule 45(c)(2)(B), which were incurred in complying with the unduly burdensome subpoenas served on Hosiden America Corporation and incurred in responding to Amended Motion to Enforce Rule 45 Subpoena Against Non-Party Hosiden America.

Date:  December 11, 2007

Respectfully submitted,

Hosiden America Corporation

By: /s/ Jason M. Metnick
    One of its Attorneys

Rein F. Krammer
Jason M. Metnick
Masuda, Funai, Eifert & Mitchell, Ltd.
203 N. LaSalle Street, Suite 2500
Chicago, IL  60601-1262
jmetnick@masudafunai.com
Telephone: 312-245-7500  Facsimile:  312-245-7467
N:\SYS02\2665\Lit\0240 - Hosiden America response to Motion to Enforce Rule 45 Subpoena.doc