# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES, INC.

Plaintiffs,

- v. -

APPLE COMPUTER, INC., et al.,

Defendants.

**SUBPOENA IN A CIVIL CASE**

4C

PENDING IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

CASE NUMBER: 04-1338 (MBT)

To: Hosiden Corporation
c/o Hosiden America Corp.
120 East State Parkway
Schaumberg, Illinois 60173

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce a witness having personal knowledge of the matters set forth in Attachment B of the attached Notice of Deposition to appear at the place, date and time specified below to testify at the taking of a deposition in the above case

| PLACE: TO BE DETERMINED | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in Attachment A attached hereto, at the place, date, and time specified below.

| PLACE: | DATE AND TIME |
|---|---|
| Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 | October 10, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding case that is subpoenaed for the taking of a deposition shall designate one or more officers. directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed R Civ P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendant FUJIFILM Corporation | September 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ian G DiBernardo, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (212) 806-5400

SSL-DOCS1 1806630v1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ DATE

______________________ SIGNATURE OF SERVER

______________________ ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

As used in this Subpoena the terms listed below are defined as follows:

1. "'371 patent" shall mean United States Letters Patent No. 5,280,371 entitled "Directional Diffuser for a Liquid Crystal Display," (copy attached) and the application therefor, and all parent applications, continuation, continuation-in-part, divisionals and other related applications, all reexaminations and reissues, and the patent family thereof.

2. "3M" shall mean the 3M Company and all of its divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

3. The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings. The words "all" and "any" shall mean "each and every" as well as "any one". The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa. The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

4. "Contract" shall mean all contracts, agreements, instruments, conditional sales contracts, letters of intent, memoranda of understanding, licenses, commitments or other

arrangements, and any other documents setting forth terms or conditions, or otherwise governing the relationship between parties, together with all modifications and amendments thereto.

5. The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on behalf of you, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

a. all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

b. all memoranda, laboratory notebooks, research reports, speeches, reports, financial statements or reports, appraisals, estimates, sales proposals, RFQ or RFP responses, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, all desk calendars, appointment books and diaries;

c. all books, manuscripts (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, sales support materials, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

d. all minutes, transcripts, notes, presentation material, and memoranda of meetings;

e. all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever; and

SSL-DOCS1 1806632v1



SEP-10-2007 MON 01:53 PM FAX NO. P. 05/12

f. all contracts, agreements, understandings, letters of intent, proposals, memoranda of understanding, representations and warranties.

6. The term "Honeywell" shall refer to Honeywell International, Inc. and Honeywell Intellectual Properties Inc., and all divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to, Honeywell Inc., and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

7. The terms "Hosiden", "you" or "your" refer to Hosiden Corporation and all of its divisions, business units, departments, subsidiaries (whether direct or indirect), parents, affiliates, divisions, business units, subsidiaries, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, including but not limited to Hosiden America Corp. , and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

8. "JAE" shall mean Japan Aviation Electronics and all of its divisions, departments, subsidiaries (whether direct or indirect), parents, affiliates, acquisitions, predecessors and entities controlled by any of them, whether domestic or foreign, and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

9. "LCD Module" shall mean a liquid crystal display for incorporation into another product or any assembly for use in a liquid crystal display, including but not limited to, a backlight and liquid crystal panel.

10. The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

11. Unless otherwise specified herein, "relates to" and "refers to", and forms thereof, shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

12. "SID" shall mean the Society for Information Display.

13. The terms "thing" and "things" refer to any material object, such as samples, prototypes, packaging samples, models, illustrations of physical and chemical phenomena, and photographs, montages, movies or videotapes of physical objects, and electronic representations of any of the above.

## INSTRUCTIONS

1. These requests shall apply to all documents and things in your possession, custody or control at the present time or coming into your possession, custody or control. If you know of the existence, past or present, of any document or thing requested below, but are unable to produce such document or thing because it is not presently in your possession, custody, or

control, you shall so state and shall identify such document or thing, and the person who now has or lost his possession, custody or control of the document or thing.

2. All documents that respond, in whole or in part, to any request are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. All documents shall be produced either in order of Request or in the manner that they are kept in the usual course of business. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

5. If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody or control, identify those documents and describe the document, its author(s), the recipients(s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the contents, loss or destruction of any such document.

6. In the event that any document identified in these Requests is subject to any claim of privilege (including work product), you shall furnish a list identifying each such document by:

a. identifying the person who prepared or authored the document and, if applicable, the persons who sent the document or thing and to whom the document (including copies) or thing was sent and the dates on which the document or thing was prepared and transmitted, identifying persons who prepared, sent and/or received the document or thing as required in the accompanying Definitions;

b. describing the nature of the document or thing (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

c. identifying any and all attachments or enclosures appurtenant to such documents;

d. stating briefly the nature of the privilege asserted; and

e. producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

7. If, subsequent to the date you produce documents responsive to these requests you discover or receive documents that are responsive to any request herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

8. Each document is to be produced along with all drafts and copies having annotations different from those on other copies, without abbreviation or redaction.

9. In the event any document identified in these Requests is deemed confidential by the Company, it shall be produced in accordance with the annexed Stipulated Protective Order in this case and the confidentiality thereof will be provided the protection of the Order pursuant to paragraph 20 thereof.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. All documents relating or referring to the design, development, testing, manufacturing, marketing, sale, purchase or supply of liquid crystal displays, LCD Modules or components thereof, whether final products or prototypes, by, for or on behalf of Honeywell,

including, but not limited to, all documents provided by or on behalf of Honeywell, The Boeing Company or JAE to Hosiden and all documents provided by or on behalf of Hosiden to Honeywell, The Boeing Company or JAE relating or referring to liquid crystal displays, LCD Modules or components thereof between January 1, 1988 and December 31, 1994.

2. All proposals, requirements, documents, specifications, requests for quotations and requests for proposals, and all responses thereto, from Honeywell to Hosiden, or vice versa, relating or referring to liquid crystal displays, LCD Modules or components thereof issued or outstanding between January 1, 1988 and December 31, 1994, and all documents relating or referring thereto.

3. All Contracts relating or referring to Hosiden's relationship with Honeywell at any time between January 1, 1988 and January 18, 1994, including, but not limited to, all Contracts relating or referring to licenses of technology, know-how, intellectual property (including patents and patent applications) and/or inventions and/or to nondisclosure or confidentiality obligations between Hosiden and Honeywell in force at any time between January 1, 1988 and January 18, 1994.

4. All products, samples, prototypes, models, and demonstrations provided to or by Honeywell between January 1, 1988 and December 31, 1994 related to avionic displays, liquid crystal displays, LCD Modules or components thereof, including, but not limited to, those referred to by Honeywell as Display Units, numbers 8, 9 and 10 (DU #8, 9 and 10), and all documents relating or referring thereto.

5. All products, samples, prototypes, models and demonstrations of avionic displays, liquid crystal displays, LCD Modules or components thereof furnished by Hosiden to another

person on behalf of Honeywell, including but not limited to, Honeywell itself, the Boeing Company and JAE, or provided to Hosiden by or on behalf of Honeywell between January 1, 1988 and December 31, 1994, and all documents relating or referring thereto.

6. All documents relating or referring to work done for The Boeing Company, whether performed directly or indirectly through Honeywell and/or JAE including, but not limited to, all documents relating to liquid crystal displays, LCD Modules or components thereof, for use in the Boeing 777, 767, 737, and 767X airplanes.

7. All documents, including but not limited to, agendas, meeting minutes and meeting notes, relating or referring to meetings of Honeywell, JAE and/or The Boeing Company, whether or not attended by Hosiden, relating to liquid crystal displays, LCD modules or components thereof.

8. All documents relating or referring to Hosiden's interaction, collaboration, supplying of materials or services to or other relationship with any person, including but not limited to JAE, on behalf of or in connection with providing materials or services to Honeywell.

9. Organizational charts or other documents for any division, group or department of Hosiden that worked or collaborated with Honeywell or any of the inventors of the '371 patent and/or to which Honeywell provided information or designs between January 1, 1988 and January 18, 1994, from which the identification of the employees or consultants of Hosiden who actively participated with Honeywell in connection with the design, development, testing, manufacture, marketing, sale, purchase or supply of liquid crystal displays, LCD Modules or components thereof can be made.

SSL-DOCS1 1806632v1

10. All documents relating or referring to the '371 patent or the subject matter thereof and Hosiden's interest in acquiring, and Honeywell's offering of, rights under the '371 patent, including but not limited to, all communications between Hosiden and Honeywell regarding the '371 patent (including but not limited to Hosiden letter HDO050, dated August 7, 1992 and correspondence to or from Mr. Yasohiro Ugai of Hosiden), valuations of the '371 patent and prior art to the '371 patent.

11. All communications between Hosiden and any of the inventors of the '371 patent namely, Richard I. McCartney, Jr., Daniel D. Syroid, and Karen E. Jachimowicz.

12. All documents referring or relating to the existence, reduction or avoidance of moiré interference, use of one or more lenticular, prismatic or other lens arrays (including, but not limited to, Optical Lighting Film (OLF) or Brightness Enhancing Film (BEF) offered by 3M or similar product) in an LCD Module or backlight for a liquid crystal display on or before December 31, 1998, or rotation of a periodic structure to avoid or reduce moiré interference on or before December 31, 1998.

13. All documents referring or relating to meetings, conferences, papers or publications of the SID between January 1988 and October 2004.

14. All documents relating or referring to the existence, non-existence or destruction, including the timing of any such destruction, of any document or thing responsive to these Requests, including but not limited to, Hosiden document retention and document destruction policies in effect from January 1994.

SSL-DOCS1 1806632v1