IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of<br>IN RE: SUBPOENA TO HOSIDEN AMERICA CORPORATION<br><br>HONEYWELL INTERNATIONAL INC., et al.,<br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, et al.<br>　　　　　　　　　　　　Defendants. | No.: 07-cv-6458<br>Judge Castillo<br>Magistrate Judge Schenkier |

### HONEYWELL'S MEMORANDUM REGARDING FUJIFILM CORPORATION'S MOTION TO ENFORCE RULE 45 SUBPOENA AGAINST HOSIDEN AMERICA CORPORATION

Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") submit this memorandum in relation to FUJIFILM Corporation's ("Fuji") Motion To Enforce Rule 45 Subpoena Against Hosiden America Corporation ("Fuji Motion"). Honeywell takes no position with regard to the Fuji Motion, but submits this memorandum to clarify the following: (1) that Honeywell produced documents referring to Hosiden Corporation over a year before Fuji first subpoenaed Hosiden America Corporation ("Hosiden America"), (2) that Honeywell maintained a relationship with Hosiden Corporation, a Japanese entity, not Hosiden America, (3) that Honeywell could not agree to Fuji's proposed stipulation because it asked Honeywell to stipulate to facts about which Honeywell had no personal knowledge, and (4) that a number of parties to the Delaware litigation, including Fuji, have insisted that certain discovery efforts take place overseas and that the appropriate foreign processes be followed.

Honeywell produced its first set of documents to Fuji on August 16, 2006. (Enclosure Letter to Fuji, attached hereto as Exhibit A.) That production included documents that referred to Hosiden Corporation and confirmed that Honeywell maintained a business relationship with Hosiden Corporation, a Japanese entity. The production also included correspondence between Honeywell and Hosiden Corporation. All of Honeywell's letters and faxes to Hosiden Corporation are addressed to Hosiden Corporation in Japan. No documents in Honeywell's production refer to Hosiden America, and Honeywell did not have a relationship with Hosiden America.

In relation to Fuji's Motion, counsel for Fuji asked Honeywell to stipulate to facts that Honeywell could not confirm. Specifically, Fuji's counsel asked that Honeywell "agree to a stipulation that FUJIFILM Corporation served the subpoena seeking documents in Hosiden America's and Hosiden Corporation's possession and that neither entity has any responsive documents." While Honeywell acknowledges that Fuji served a subpoena on Hosiden America, Fuji did not properly subpoena documents from Hosiden Corporation. Moreover, Honeywell is not in a position to confirm whether third parties have any responsive documents. Honeywell does not have access to Hosiden America's files or Hosiden Corporation's files and thus has no knowledge of whether the American or Japanese entities have responsive documents. In the December 3, 2007, phone call mentioned in Fuji's memorandum, counsel for Honeywell suggested that counsel for Fuji propose a more reasonable stipulation for Honeywell to consider. Fuji, however, has not proposed any other stipulations.

Finally, Fuji itself has required Honeywell to follow rules for obtaining discovery from Japanese individuals and entities. (*See* Letter from Rosenthal to Woods, attached hereto as Exhibit B.) Fuji is a Japanese entity and thus has rights under the treaties governing American

and Japanese relations.[1] For example, even though Fuji's wholly-owned American subsidiary is also a defendant in the underlying case, Fuji exercised its right to have Fuji employees deposed in Japan at the U.S. Embassy or Consulate. (*Id.*) Honeywell then obtained the proper visas, secured the appropriate court orders, reserved space at the Consulate, paid the correct fees, and proceeded with the depositions in Japan.

In conclusion, Honeywell submits this brief only to explain that Honeywell had no relationship with Hosiden America, that Fuji should have been aware of Honeywell's relationship with Hosiden Corporation well over a year ago and thus had an opportunity to conduct discovery in Japan, and that Honeywell could not agree to Fuji's proposed stipulation for the reasons stated.

DATED:  December 14, 2007         **PLAINTIFFS HONEYWELL INTERNATIONAL INC. AND HONEYWELL INTELLECTUAL PROPERTIES INC.**

By:  s/ Amy N. Softich
Amy N. Softich
ROBINS, KAPLAN,
MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
(612) 349-8500

-and-

---

[1] *See* U.S. Department of State website, "Japan Judicial Assistance," at: http://travel.state.gov/law/info/judicial/judicial_678.html#summary.

Fuji changed its name on October 2, 2006, from Fuji Photo Film Co., Ltd. to FUJIFILM Corporation, and the parties later stipulated to the name substitution. ([Proposed] Order and Stipulation, attached hereto as Exhibit C.) Fuji Photo Film Co. Ltd., abbreviated by the parties to Fuji Japan, is the same party as FUJIFILM Corporation, and the letters attached as exhibits use Fuji's former name.

Thomas B. Keegan
Richard J. Lofgren
KEEGAN, LATERZA,
LOFGREN & GLEASON, L.L.C.
566 West Adams Street
Suite 750
Chicago, Illinois 60661
(312) 655-0200

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a true and accurate copy of the foregoing, **Honeywell's Memorandum Regarding Fujifilm Corporation's Motion to Enforce Rule 45 Subpoena Against Hosiden America Corporation**, to be filed electronically using the Electronic Filing System of the United States District Court for the Northern District of Illinois, Eastern Division, this 14th day of December, 2007. Notice of this filing was sent to all counsel who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 14th day of December, 2007.

/s/ *Thomas B. Keegan*